1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUGENE DARREL RUTLEDGE,          )
                                 )
            Plaintiff(s),         )        No. C 07-4093 CRB (PR)
                                 )
    vs.                          )        ORDER OF DISMISSAL
                                 )
JULIE CONGER, Judge,             )        (Doc # 2)
                                 )
            Defendant(s).         )
_____ )

        Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se

complaint under 42 U.S.C. § 1983 alleging that Alameda County Superior Court

Judge Julie Conger violated his federal rights when she refused to disqualify

herself as presiding judge in his recent state criminal trial.  Plaintiff seeks an

order compelling Judge Conger to disqualify herself and declare "null and void"

all her actions in the case.

        Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.    Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Because plaintiff's claim would necessarily imply the invalidity of his conviction and continuing confinement, it too must be brought in a habeas petition.  See id.

Section 1983 does not offer an alternate route in the form of injunctive relief.  After all, the statute makes clear that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

/

/

/

/

2

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED without prejudice to bringing it in habeas after exhausting state judicial remedies.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.  No fee is due.

SO ORDERED.

DATED:   08/16/07

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.07\Rutledge1.or1.wpd

3